**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TRIVON CARTER**
        **Petitioner-defendant,**

    **v.**                              **Case No. 17-C-1325**
                                        **(Criminal Case No. 14-CR-150)**

**UNITED STATES OF AMERICA,**
        **Respondent-plaintiff.**

---

## DECISION AND ORDER

Petitioner-defendant Trivon Carter pleaded guilty to conspiracy to distribute heroin, and on April 20, 2017, I sentenced him to 75 months' imprisonment.[1] I recommended that the Bureau of Prisons ("BOP") place defendant at a facility close to Milwaukee and permit his participation in the Residential Drug Abuse Program ("RDAP"). He took no direct appeal but later filed a motion under 28 U.S.C. § 2255, which I denied on October 6, 2017.[2]

On November 14, 2017, defendant filed a motion for a judicial recommendation to the BOP that he be allowed to serve the last 9 to 12 months of his sentence in a halfway house.[3] (R. 4 at 1.) Defendant indicates that he is not seeking to modify the sentence or correct a

---

[1]The case was originally assigned to Judge Randa, who took defendant's plea, but was reassigned to me prior to sentencing due to Judge Randa's unavailability.

[2]In that motion, petitioner asked me to remove from his pre-sentence report a 2-level enhancement for firearm possession under U.S.S.G. § 2D1.1(b)(1) so that he could receive a sentence reduction under the RDAP. See 18 U.S.C. § 3621(e); 28 C.F.R. § 550.55(b)(5)(ii). Defendant filed the instant motion under the § 2255 case number.

[3]The court received several virtually identical motions from inmates at FCI-Oxford. It appears the motions were motivated by the closure of a number of federal halfway houses, which limited the opportunities for such placements. (R. 8 at 2 n.1.)

clerical error in the judgment under Federal Rules of Criminal Procedure 35 and 36. Rather, he asks the court to review his conduct and programming in making a post-sentencing recommendation for RRC ("residential reentry center") placement. (R. 4 at 3.) He states that he has done his best to follow the rules of the institution, details the programming he has completed, and indicates that he has a reentry plan to follow once he is at the halfway house. (R. 4 at 3.)

I ordered the government to respond. Specifically, I directed the government to address whether the court has jurisdiction to make such a recommendation and whether, assuming it does, the court should make a recommendation in this case. (R. 6 at 3.) The government responded in opposition to the request (R. 8), and defendant filed a reply (R. 10). I now deny the motion.

**I.**

Section 3624(c)(1) provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

In deciding such placement, the BOP considers a variety of factors, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B); see also 18 U.S.C. § 3624(c)(6) (directing the BOP to issue regulations ensuring that placement in a community correctional facility is conducted in a manner consistent with § 3621(b)); 28 C.F.R. § 570.22 ("Inmates will be considered for pre-release community confinement in a manner consistent with 18 U.S.C.

2

section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part.").

Courts regularly make recommendations regarding prison placement and programming at the time of sentencing. However, it is unclear whether the district court has similar authority when acting on a prisoner's post-sentencing motion.[4] Some courts have issued such recommendations pursuant to § 3621(b)(4)(B) without specifically addressing this jurisdictional issue. See, e.g., United States v. Qadri, No. CR 06-00469, 2017 U.S. Dist. LEXIS 38716, at *4 (D. Haw. Mar. 15, 2017); United States v. Baker, No. 3:01cr94-01, 2013 U.S. Dist. LEXIS 11418, at *1, *6 (M.D. Ala. Jan. 29, 2013); see also United States v. Bartels, No. 12-cr-20072, 2016 U.S. Dist. LEXIS 164056, at *3 (E.D. Mich. Nov. 29, 2016) (making a recommendation under § 3621(b), but acknowledging the government's view that the court could not order the BOP to take such action).[5]

Other courts have concluded that while they cannot amend or modify the judgment, they may nevertheless issue a recommendation separate and apart from the judgment. United States v. Brattin, No. 2:13-cr-00161, 2016 U.S. Dist. LEXIS 112222, at *5-6 (D. Nev. Aug. 23, 2016); United States v. Palacios, No. 05CR2203, 2007 U.S. Dist. LEXIS 65644, at *7 (S.D. Cal. July 14, 2007); see also United States v. Booker, Criminal No. 13-3 (JRT/FLN), 2018 U.S. Dist.

---

[4] In United States v. McHugh, 528 F.3d 538, 540-41 (7th Cir. 2008), the Seventh Circuit held that another court cannot review or revise the sentencing judge's original recommendation. However, the court of appeals did not address the precise issue before me here.

[5] Defendant also filed a copy of an order granting such a request, which does not address the court's authority. (R. 11-1, United States v. Cavanaugh, No. 1:09-cr-04 (D.N.D. Jan. 17, 2018) (Order Regarding Defendant's Motion for Judicial Recommendation to BOP).)

LEXIS 82485, at *5 (D. Minn. May 16, 2018) (finding that the court has authority to issue a non-binding recommendation, but declining to do so in that case); United States v. Collins, No. 2:15-cr-00176-7-TLN, 2018 U.S. Dist. LEXIS 35699, at *2-4 (E.D. Cal. Mar. 5, 2018) (granting such a request, without opposition by the government, under §§ 3621 & 3624); United States v. Doyle, Criminal Action No. 15-90, 2018 U.S. Dist. LEXIS 18366, at *1-2 (E.D. La. Feb. 5, 2018) (citing §§ 3621 & 3624 and granting request); United States v. Marshall, No. 2:16-CR-00096, 2018 U.S. Dist. LEXIS 10499, at *2-3 (E.D. Tenn. Jan. 23, 2018) ("The court notes the government's objection, but finds that although the court cannot order the Bureau of Prisons to transfer defendant to a halfway house, the court can make a recommendation for defendant."); United States v. Jackson, Criminal No. 16-05-05 (JDB), 2017 U.S. Dist. LEXIS 201726, at *3-5 (D.D.C. Dec. 7, 2017) (finding that § 3621 permitted a non-binding recommendation but declining to issue one in that case).

Finally, some courts have concluded that they lack authority to make recommendations after sentencing. See United States v. Green, No. 10-20096-01, 2015 U.S. Dist. LEXIS 80198, at *2 (D. Kan. June 22, 2015) ("[T]he Court does not have jurisdiction to amend defendant's sentence at this time to include a specific recommendation on placement in a residential re-entry facility."); United States v. Landers, No. 6:09-cr-0893-10, 2013 U.S. Dist. LEXIS 144450, at *3 (D.S.C. Oct. 7, 2013) ("The court is aware of no authority by which it may issue a recommendation for halfway house placement at this late stage."); see also United States v. Sanders, No. CR 13-03696 RB, 2018 U.S. Dist. LEXIS 80162, at *3-4 (D.N.M. May 9, 2018) ("[N]o comparable BOP regulation authorizes a prisoner to seek a post-sentencing recommendation as to pre-release custody when the original judgment is silent as to RRC placement."); United States v. Tipton, No. 14-20142, 2018 U.S. Dist. LEXIS 49178, at *2 (E.D.

4

Mich. Mar. 26, 2018) ("[T]he Court finds that Defendant has not shown that the Court has authority to make a judicial placement recommendation to the FBOP apart from what the court already ordered and recommended in the Judgment[.]").

In its response, the government indicates that the better reasoned cases have concluded that there is no authority to issue a recommendation post-sentencing. The government further indicates that McHugh, while not directly on point, suggests there is no free floating authority to issue judicial recommendations absent a pending case or controversy. (R. 8 at 3.) Even if the court has authority to issue a non-binding recommendation, the government contends that I should decline to issue one. Congress has entrusted such decisions to the BOP, which is best suited to consider the prisoner's adjustment, his current treatment needs, the available resources, and the other relevant considerations. (R. 8 at 3-4.) The BOP is also better positioned to determine which of the prisoners under its control are most deserving of such placement. By contrast, this court can only act on a case-by-case basis, based on dated information, and has little insight to offer. (R. 8 at 4.)

In reply, defendant contends that the court is authorized to make a recommendation after sentencing, as the court is not modifying or correcting the sentence. (R. 9 & 10 at 1.) He further argues that the court should make a recommendation here, noting the benefits to his rehabilitation. (R. 9 & 10 at 3.)

**II.**

On the issue of the court's authority, I agree with what appears to be the majority position: while the court may not modify the original judgment or otherwise order the BOP to grant pre-release time in response to a defendant's post-sentencing motion, it may issue a non-binding recommendation. Because such a recommendation is advisory only, it does not run

5

afoul of the limitations on modifying sentences contained in 18 U.S.C. § 3582 and Fed. R. Crim. P. 35, and because 18 U.S.C. § 3621(b) directs the BOP to consider any statement by the court that imposed the sentence – not just statements made at the time of sentencing – the court may issue such a recommendation later. Jackson, 2017 U.S. Dist. LEXIS 201726, at *4.

Nevertheless, I will decline to issue a recommendation in this case. Given my limited and dated involvement with this case, it hard to see how I have any helpful insight to offer the BOP at this point. Based on the averments in his motion, it appears that defendant is attempting to make good use of his time in prison, and RRC placement would likely give him a leg up before beginning his term of supervised release. However, the BOP is better positioned to determine the particulars of such placement.

### III.

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 4) is denied.[6]

Dated at Milwaukee, Wisconsin, this 24th day of May, 2018.

/s Lynn Adelman
LYNN ADELMAN
District Judge

---

[6]The BOP should not construe this order as opposition to RRC placement.

6